UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

UNITED STATES,

        Plaintiff/Respondent,

v.

RONALD CRAIG DAVENPORT,

        Defendant/Petitioner.

Crim. No. 02-369-HA
Civil No. 05-772-HA

OPINION

HAGGERTY, Chief Judge:

    Petitioner is currently serving an 188-month sentence of imprisonment. He filed a pro se Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255 [39]. The government responded [42]. Counsel was appointed, and petitioner filed an amended motion [55]. The government again responded [59]. Petitioner then filed a memorandum in support of his motion [64]. After considering the record and arguments presented, petitioner's motion is denied.

## I.    BACKGROUND

    On March 12, 2004, petitioner pleaded guilty to Felon in Possession of a Firearm. During petitioner's plea colloquy, he acknowledged that his sentencing would involve

1 - ORDER

application of the Armed Career Criminal Act ("ACCA"). Petitioner also acknowledged that he understood that he agreed to waive his right to appeal his conviction and sentence and also his right to collaterally attack his conviction or sentence, except claims for ineffective assistance of counsel. During the plea colloquy, petitioner told the court that he was satisfied with the advice of his attorney, that the medication he was taking was not preventing him from understanding the proceedings, and that he had not been threatened or forced to plead guilty. Petitioner admitted the factual basis of Felon in Possession of a Firearm and entered his guilty plea.

The plea agreement also included the government's agreement to recommend that petitioner be sentenced to either the low end of the applicable guideline range, which included consideration of the ACCA, or fifteen years, whichever was higher. On May 24, 2004, the court sentenced petitioner to 188 months in federal custody.

## II.    ANALYSIS

Petitioner initially asserted three grounds for relief: (1) his guilty plea was not knowing and voluntary, (2) the application of the ACCA was unconstitutional, and, (3) ineffective assistance of counsel in violation of the Sixth Amendment. Petitioner's amended motion asserted nine grounds for relief, incorporating those initially filed.[1] The court will address each of the remaining grounds for relief in turn.

### A.    Ground One

Petitioner argues that his plea was not voluntary or knowing because he was under the influence of Zoloft, a psychotropic medication, at the time of the plea, and was therefore unable

---

[1] Petitioner abandoned two of these grounds in his subsequently filed legal memorandum.

2 - ORDER

to fully comprehend all aspects of the proceedings. Petitioner asserts that shortly before March 12, 2004, his dosage of Zoloft had been increased and that this exacerbated his mood swings.

In order to be valid a plea must by voluntary and intelligent. *Brady v. United States*, 397 U.S. 742, 748 (1970). "When analyzing competence to plead guilty, we look to whether a defendant has 'the ability to make a reasoned choice among the alternatives presented to him.'" *Miles v. Stainer*, 108 F.3d 1109, 1112 (9th Cir.1997) (quoting *Chavez v. United States*, 656 F.2d 512, 518 (9th Cir. 1981)).

Simply asserting that he was under the influence of a psychotropic medication is not sufficient to show incompetence. *See United States v. Howard*, 381 F.3d 873, 879 (9th Cir. 2004) ("When a § 2255 petitioner's claim of incompetence due to the ingestion of drugs is conclusory or inherently incredible, a district court has the discretion to dismiss the petition without hearing."). Here, petitioner specifically denied any adverse effects from the medication during his plea colloquy:

| THE COURT: | Have you taken anything that would prevent you from understanding what's going on at this time? |
| --- | --- |
| DEFENDANT: | No. |
| THE COURT: | The petition indicates that you're taking a medication. Do you in any way feel the medication would prevent you from understanding what's going on at this time? |
| DEFENDANT: | No. |

Government's Response to Motion, Exhibit 1 at 8. Petitioner does not claim that Zoloft prevented him from making reasoned judgments, only that Zoloft increased his mood swings. There is no evidence in the record that petitioner's use of Zoloft affected petitioner's ability to make a reasoned judgment about whether to plead guilty or go to trial.

**B.  Ground Two**

Petitioner's second argument similarly argues that his guilty plea was not voluntary and intelligent.  He asserts that his guilty plea was "last minute" and "was forced by the government and facilitated by defense counsel."  This argument is without merit.

Petitioner was provided a proposed plea agreement by the government on May 12, 2003.  On May 28, 2003, petitioner reported to the court that he intended to change his plea and a change of plea hearing was set for June 3, 2003.  At the June 3, 2003, hearing petitioner moved to have new counsel appointed and the court granted petitioner's motion.  Defense counsel Mark Cross was appointed.  Petitioner changed his plea to guilty on March 12, 2004.  Petitioner was first provided the proposed plea agreement ten months before he plead guilty under that agreement, a sufficient period of time to intelligently consider his options.

Further, petitioner specifically denied being forced to plead guilty during his plea colloquy:

> THE COURT:    Okay, has anyone threatened you, is anyone forcing you to plead guilty at this time?
>
> DEFENDANT:    Nope.

Government's Response to Motion, Exhibit 1 at 9-10.  The petitioner had ample time to consider his options and the court's colloquy indicate that petitioner was not forced to plead guilty.  Accordingly, petitioner's guilty plea was knowing, voluntary, and intelligent.

**C.  Ground Four**

Petitioner asserts that he should not have been sentenced under the ACCA because the penalty enhancement was not included in the indictment.  As in his plea agreement, however,

4 - ORDER

petitioner waived his right to direct or collateral appeal, except for a claim for ineffective assistance of counsel.  Defendant's waiver was addressed during the plea colloquy:

> THE COURT:    As part of your agreement with the government are you going to waive you right to appeal your conviction and sentence as well as give up your right to challenge the length of your sentence by way of what's called a habeas corpus petition?  Do you understand these rights you're giving up as well?
>
> DEFENDANT:    Can I ask my attorney?
>
> THE COURT:    Sure
>
> DEFENDANT:    (Pause - conferring) Okay, yes.

Government's Response to Motion, Exhibit 1 at 7-8.

A defendant may validly waive constitutional and statutory rights as part of the plea bargaining process.  *See United States v. Mezzanatto*, 513 U.S. 196, 200-202 (1995) (explaining that "many of the most fundamental protections afforded by the Constitution" may be waived and that statutory rights are presumptively waivable); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993) (upholding a defendant's waiver of the right to file a § 2255 petition when underlying claims were not for ineffective assistance of counsel or voluntariness of waiver).

Here, the negotiated plea agreement was signed by petitioner and was executed with the court at the time of his plea.  The plea colloquy shows that defendant knowingly and voluntarily entered into the plea agreement.  Accordingly, petitioner's claim regarding the application of the ACCA is denied based on the waiver of his § 2255 rights as part of his plea agreement.

**D.  Remaining Grounds**

Petitioner's remaining claims (Grounds Five, Six, Eight, and Nine) assert alternate theories of ineffective assistance of counsel.  Petitioner argues that counsel was ineffective by

failing to (1) recognize his mental state at the time of plea, (2) know and to clearly identify for petitioner the documents he was signing, their contents, and their meaning, (3) object to the application of the ACCA as not having been indicted by the grand jury and proven beyond a reasonable doubt, and (4) seek postponement of the plea and sentencing pending the outcome of *Blakely v. Washington*, 47 P.3d 149 (Wash. App. 2002), at the Supreme Court.

In order to prevail on a claim for ineffective assistance of counsel "the petitioner must show (1) grossly deficient performance by his counsel, and (2) resultant prejudice."  *Womack v. Del Papa*, 497 F.3d 998, 1002 (9th Cir. 2007) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).  "Under *Strickland*, counsel's competence is presumed and thus [petitioner] must rebut this presumption by demonstrating that [defense counsel's] performance was unreasonable under prevailing professional norms and was not the product of sound strategy.  *Lambright v. Schriro*, 490 F.3d 1103, 1116 (9th Cir. 2007) (per curiam).  Judicial scrutiny of counsel's performance is highly deferential; the Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead ha[s] emphasized that 'the proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688).

Petitioner points to no deficiencies on the part of his counsel with any specificity or factual support.  Petitioner's assertion that he was pressured into accepting a negotiated plea is refuted by the record, which shows that he had ten months to consider his options.  Further, during his plea colloquy, petitioner specifically stated that he had enough time to discuss the plea agreement and accompanying letter with defense counsel and that he understood it.  Government's Response to Motion, Exhibit 1 at 4.  The record also shows that petitioner

conferred with defense counsel numerous times during the plea colloquy, undercutting his claim that counsel did not adequately assist him during the proceedings.

Petitioner fails to point out any deficiency in defense counsel's position with regard to the application of the ACCA. Petitioner acknowledges that he received notice of the government's intention to seek the enhancement and the applicable law clearly supports the position that ACCA enhancements need not be charged in the indictment nor proven beyond a reasonable doubt to a jury. *See United States v. Smith*, 390 F.3d 661, 666 (9th Cir. 2004) (noting that the Ninth Circuit has "repeatedly rejected *Apprendi* challenges to the ACCA"). Therefore, defense counsel had no substantive legal basis upon which to challenge the ACCA's application to petitioner's sentence, or to postpone the plea and sentencing pending the outcome of *Blakely*.

Because petitioner has failed to establish any deficiencies on the part of defense counsel, the court need not address the second prong of the *Strickland* test. Accordingly, petitioner's claims of ineffective assistance of counsel are denied.

### III. CONCLUSION

Based on the foregoing, petitioner's Amended Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255 [55] is DENIED.

IT IS SO ORDERED.

DATED this   8   day of January, 2008.

　　　　　　　　　　　　　　　　　　　　   /s/ Ancer L. Haggertyy
　　　　　　　　　　　　　　　　　　　　　　Ancer L. Haggerty
　　　　　　　　　　　　　　　　　　　　United States District Judge