**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **RONALD CRAIG DAVENPORT**, <br><br> Petitioner-Defendant. | Case No. 3:02-cr-369-SI <br><br> **OPINION AND ORDER** |

Billy J. Williams, United States Attorney, and Thomas H. Edmonds, Assistant United States Attorney, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204. Of Attorneys for Plaintiff.

Stephen R. Sady, Chief Deputy Federal Defender, and Elizabeth G. Daily, Assistant Federal Public Defender, FEDERAL PUBLIC DEFENDER'S OFFICE FOR THE DISTRICT OF OREGON, 101 SW Main Street, Suite 1700, Portland, OR 97204. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Before the Court is Ronald Craig Davenport's motion for relief under 28 U.S.C. § 2255, seeking to vacate and correct his 188-month sentence, which was imposed under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(c). For the reasons given below, his motion is denied.

## STANDARDS

Section 2255 permits a prisoner in custody under sentence to move the court that imposed the sentence to vacate, set aside, or correct the sentence on the ground that:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255(a).

Under Section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" *United States v. Baylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (emphasis in original) (quoting 28 U.S.C. § 2255). A motion pursuant to § 2255 must be filed within one year from the date on which a petitioner's conviction becomes final, unless an exception applies. *Id.* § 2255(f)(1). One exception provides that a motion is timely if (1) it "assert[s] . . . [a] right . . . newly recognized by the Supreme Court," *id.* § 2255(f)(3), (2) it is filed within one year from "the date on which the right asserted was initially recognized by the Supreme Court," *id.* § 2255(f)(3), and (3) the Supreme Court or controlling Court of Appeals has declared the right retroactively applicable on collateral review, *Dodd v. United States*, 545 U.S. 353, 358-59 (2005). Only the Supreme Court may "recognize" a new right under § 2255(f)(3). *Dodd*, 545 U.S. at 357-59. In order to show that his or her claim relies on a new rule of constitutional law, a movant must show that "(1) he or she was sentenced in violation of the Constitution and that (2) the particular constitutional rule that was violated is 'new,' [and] was 'previously unavailable'" *United States v. Geozos*, 870 F.3d 890, 895 (9th Cir. 2017).

## BACKGROUND

On March 12, 2004, Davenport pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 924(g)(1). When he pleaded guilty, Davenport signed a plea agreement with the government in which he agreed "to waive appeal and waive habeas (§ 2255) relief, with the exception of a claim of ineffective assistance of counsel, if sentenced within the applicable guideline range, or to the fifteen year mandatory minimum."

The sentencing court adopted the finding from Davenport's presentence report ("PSR") that Davenport was a "career criminal" under the ACCA, meaning that Davenport had three or more previous convictions for a "violent felony." Davenport's PSR identified five previous convictions that qualified as violent felonies, including a four-count conviction for federal armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and a conviction for Oregon burglary in the first degree in violation of Or. Rev. Stat. ("ORS") § 164.225.

A conviction for being a felon in possession of a firearm typically carries a maximum penalty of 10 years imprisonment. 18 U.S.C.§ 924(g)(1). Upon a finding that a defendant is a career criminal, however, the ACCA mandates a minimum sentence of 15 years, or 180-months and a maximum of life in prison. 18 U.S.C. § 924(e)(1). Applying these ACCA sentencing enhancements, the sentencing court sentenced Davenport to 188-months imprisonment, to be served consecutively with a 33-month term imposed for a violation of supervised release and concurrently with a state parole revocation sentence. Davenport did not appeal, but did file an § 2255 motion in 2005, which was denied on the merits. In that motion Davenport argued that his guilty plea was not knowing and voluntary, that he received ineffective assistance of counsel, and that application of the ACCA to his sentence was unconstitutional, for reasons different than those asserted in the pending motion. Davenport's projected release date is August 30, 2020.

## DISCUSSION

When Davenport was sentenced, the ACCA defined a "violent felony" as a felony that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another; or
>
> (iii) involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(A). Clause (i) of this definition is known as the "force clause" and clause (iii) is known as the "residual clause." In June 2015, the Supreme Court struck down as unconstitutionally vague the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(A)(iii). *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015) ("*Johnson II*"). The next year, in *Welch v. United States*, the Court held that *Johnson II* had announced a new substantive rule that applies retroactively on collateral appeal. 136 S. Ct. 1257, 1268 (2016).

Davenport argues that his previous convictions for federal bank robbery and burglary were determined to be "violent felonies" under the residual clause. Because that clause has been struck down, Davenport argues, his previous convictions do not qualify as violent felonies, and the ACCA was used to unconstitutionally enhance his sentence, entitling Davenport to resentencing. The government responds that Davenport is not entitled to relief for three reasons: (1) Davenport's § 2255 motion is untimely as a second or successive motion because he has not shown that his claim relies on *Johnson II*; (2) Davenport waived his right to challenge his sentence in his plea agreement; and (3) federal bank robbery is a crime of violence under the force clause and thus any reliance by the sentencing court on the residual clause was harmless error. As a preliminary matter, Davenport's collateral attack waiver in his plea agreement does

not bar this claim. Such waivers do not apply if a sentence is illegal, meaning that it "exceeds the permissible statutory penalty for the crime or violates the Constitution." *U.S. v. Bibler*, 495 f. 3d 621, 624 (9th Cir. 2007). Davenport alleges that he was sentenced in violation of the Constitution following the new constitutional rule announced in *Johnson II* and, in the absence of the unconstitutionally imposed ACCA enhancement, his sentence exceeds the statutory maximum. Thus, although the Court finds that Davenport's claim may not proceed because it is an impermissible second or successive motion, his collateral attack waiver does not bar this motion.

A. **Reliance on *Johnson II***

The motion before the court is Davenport's second § 2255 motion. Under § 2244(b)(4), a second or successive § 2255 motion must be dismissed, without reaching the merits, if it is not based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. §§ 2244(b)(2), 2255(h)(2); *United States v. Villa-Gonzalez*, 208 F.3d 1160, 1164 (9th Cir. 2000). The government argues that Davenport has not demonstrated that the sentencing judge relied on the residual clause in determining that Davenport's previous convictions were violent felonies. If the judge relied on the force clause, and not the residual clause, then Davenport's claim is not based on the new constitutional rule announced in *Johnson II*, and the requirements for his second or successive motion to be heard are not met.

In the Ninth Circuit, "when it is unclear whether a sentencing court relied on the residual clause in finding that a defendant qualified as an armed career criminal, but it may have, the defendant's § 2255 claim 'relies on' the constitutional rule announced in *Johnson II*." *United States v. Geozos*, 870 F.3d 890, 896 (9th Cir. 2017). "[A] claim does not 'rely on' *Johnson II* if it is possible to conclude, using both the record before the sentencing court and the relevant background legal environment at the time of sentencing, that the sentencing court's ACCA

PAGE 5 – OPINION AND ORDER

determination did not rest on the residual clause." *Id.* If, at the time of sentencing, there was binding circuit precedent that Defendant's predicate conviction "qualified as a violent felony under the force clause, then a court's failure to invoke the force clause expressly at sentencing . . . would not render unclear the ground on which the court's ACCA determination rested." *Id.* The PSR and sentencing record are silent as to whether the sentencing judge relied on the residual clause or the force clause in determining that Davenport's previous convictions were violent felonies. The next consideration, therefore, is whether the relevant background legal environment at the time of sentencing indicates whether the sentencing court relied on the residual clause in applying the ACCA.

Davenport had three previous convictions for federal bank robbery in violation of 18 U.S.C. § 2113(a) and (d). In 2004, when Davenport was sentenced, there was binding Ninth Circuit precedent holding that unarmed federal bank robbery constituted a crime of violence under the force clause of the U.S. Sentencing Guidelines § 4B1.2, which is identical to the force clause of the ACCA. *See United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990). There was also binding Ninth Circuit precedent that federal armed bank robbery constituted a crime of violence under the force clause of 18 U.S.C. § 924(c). *See U.S. v. Wright*, 215 F.3d 1020, 1028 (9th Cir. 2000). The force clause of 18 U.S.C. § 924(c) is identical to the ACCA force clause, except that it includes instances of physical force used against the "the person *or property* of another," (emphasis added) rather than only "the person of another." Although in 2004 there was no Ninth Circuit precedent specifically holding that federal bank robbery was a crime of violence under the force clause of the ACCA, *Selfa* and *Wright* would have dictated such a conclusion, given the identical or near identical text of the relevant clauses. Under *Geozos*, this relevant legal background makes it is possible to conclude "that the sentencing court's ACCA determination

did not rest on the residual clause," but rather rested on the force clause. *Geozos*, 870 F.3d at 896. Davenport's claim, therefore, does not "rely on" *Johnson II* and is an impermissible second or successive motion.

A certificate of appealability is appropriate when a petitioner has made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and "the issues are debatable among jurists of reason." *Allen v. Ornoskii*, 435 F. 3d 946, 951 (9th Cir. 2006). Given the lack of binding Ninth Circuit precedent that explicitly held that federal bank robbery is a crime of violence under the force clause of the ACCA, and the record's silence as to which clause of the ACCA violent felony definition the sentencing court relied on, courts could resolve the question of whether Davenport's claim relies on *Johnson II* in a different manner. A certificate of appealability is therefore appropriate.

**B. Savings Clause**

Davenport argues that, if his claim is found to be an impermissible second or successive petition, the Court should grant relief under 28 U.S.C. § 2241 through the "savings clause" provision of § 2255(e). Section 2255(e) allows federal prisoners to bring a petition for habeas corpus relief under 28 U.S.C. § 2241 if the remedy by § 2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The savings clause applies when the petitioner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Harris v. District Court for Southern Indiana*, 989 F. Supp. 2d 1088, 1090 (D. Or. 2013). To determine whether there has been an unobstructed procedural shot at presenting the claim, courts consider "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first

§ 2255 motion." *Alaimalo v. United States*, 645 F. 3d 1042, 1047 (9th Cir. 2011) (internal quotation marks omitted).

For the same reason that Davenport's claim is untimely under *Geozos*, however, his claim cannot proceed under § 2255(e). Davenport cannot show that he did not have an unobstructed procedural shot at presenting his claim, because his claim does not "rely on" *Johnson II*. Davenport argues that he "could not have asserted innocence of the ACCA before the Supreme Court's invalidation of the residual clause in *Johnson* [*II*]." Although it is likely true that Davenport would not have filed this § 2255 petition before *Johnson II*, because it is possible to infer from the relevant legal background at the time of his sentencing that Davenport was sentenced under the force clause, his claim does not "rely on" *Johnson II*. Davenport was therefore not sentenced in violation of the constitutional rule that *Johnson II* announced, and has not shown that "the legal basis for [his] claim did not arise until after he had exhausted his direct appeal and first § 2255 motion."

## CONCLUSION

Defendant's motion to vacate, correct, or set aside his sentence (ECF 72) is DENIED. The Court, however, grants a Certificate of Appealability on the issues of whether Defendant's claim "relies on" *Johnson v. United States*, 135 S. Ct. 2551 (2015).

**IT IS SO ORDERED**.

DATED this 7th day of May, 2018.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge